IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MAURICE WALLACE, # R-10764, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0131-MJR |
| | ) | |
| YOLANDE JOHNSON, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

**Introduction**

Maurice Wallace ("Plaintiff"), an inmate in Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a life sentence for murder. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can

be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the undersigned Judge finds it appropriate to exercise the authority under § 1915A, as portions of this action are subject to summary dismissal.

**The Complaint**

The following factual summary is taken from Plaintiff's Second Amended Complaint (Doc. 25), filed on October 24, 2011. Plaintiff has been housed at Tamms Correctional Center ("Tamms") since December 2006. He suffered from a "painfully infected podiac[1] ulcer" from October 2006 through May 2008 (Doc. 25, p. 3). Plaintiff sought treatment for his infection from Defendant Powers, the Tamms physician. Plaintiff alleges that between June 2007 and January 2008, Powers refused to provide him with any medication to relieve his pain and refused to give him

---

[1] The Court presumes Plaintiff means to say "podiatric," because all the ailments he describes relate to his foot.

antibiotics for the infection. Plaintiff filed several grievances over this lack of treatment.

Defendant Held, the former clothing room supervisor, allegedly refused to provide Plaintiff with adequate clothing for the seasons from August 2007 to January 2009, and again from December 2010 to March 15, 2011, and falsified the records of his clothing requests. Plaintiff claims the lack of proper clothing caused his foot condition.

Plaintiff further alleges that the above actions of Defendants Powers and Held were taken against him because of his adherence to his faith, which is ultra-orthodox Satmar Hasidic Judaism. Plaintiff converted to Judaism on June 5, 2007.

In addition, Plaintiff alleges that Defendant Caliper, the former health care administrator, retaliated against Plaintiff for filing grievances over his dissatisfaction with his medical care by allowing a visiting doctor to prescribe Plaintiff an antibiotic to which Defendant Caliper knew Plaintiff had an allergy.

Finally, Plaintiff asserts a claim that he was denied equal protection of the law, because Defendants treated him differently from similarly situated inmates and that Defendants Johnson and Bartley (current or former wardens) and Wexford Medical Services (the contracted employer of Defendants Powers and Caliper) should be liable for the alleged deprivations because of their failure to supervise, train, or control their subordinates.

### Discussion

Plaintiff presented his complaint in four counts. Based on the substantive allegations of the complaint, the Court finds it convenient to divide the pro se action into numbered counts, however, these do not entirely correspond to Plaintiff's original counts. The parties should use the Court's designations below in all future pleadings, unless otherwise directed by a judicial officer of

this Court. The designation of these counts does not constitute an opinion as to their merit.

- **Count 1 - Deliberate Indifference to Medical Needs**[2]

Plaintiff contends that he suffered from a severe and painful foot infection that started in October 2006 and apparently was resolved in May 2008 (Doc. 25, pp. 3, 8). He was treated by four different physicians. Here, however, Plaintiff complains only about Defendant Powers' response to his medical needs. Plaintiff describes his condition as involving a painfully infected foot ulcer, an infected great toenail, dermatitis to toes, athlete's foot, a hypertrophied[3] toe, and an ingrown toenail (Doc. 25, p. 10-11). Plaintiff had been on oral antibiotics for some time prior to July 2007, when Defendant Powers discontinued that medication (Doc. 25, p. 4). Starting on June 1, 2007, Defendant Powers refused to give Plaintiff any pain medication (Doc. 25, p. 8). Some ten months later, apparently under the care of a different doctor, Plaintiff was again given oral antibiotics and pain medication, and had surgery (Doc. 25, p. 4, n. 2). During the time he was under the care of Defendant Powers, Plaintiff made repeated requests for pain medication and antibiotics, telling Defendant Powers that he was in agonizing pain, but his requests were denied (Doc. 25, p. 8-11). Plaintiff also claims Defendant Powers falsified his medical records, stating that Plaintiff's condition was "improving" or "slowly resolving" when it was not (Doc. 25, p. 9-10). Plaintiff finally declared a hunger strike on December 31, 2007, to protest the lack of medical care, and went without food for several days.

---

[2] Plaintiff's Second Amended Complaint outlines this claim under Count II, however, some of the relevant facts are found in Count I.

[3] Defined as "the enlargement or overgrowth of an organ or part due to an increase in size of its constituent cells." *Dorland's Medical Dictionary*, available at www.dorlands.com.

The United States Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be objective indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In the case at bar, from Plaintiff's description of his pain and the length of time he suffered from the foot infection, for the purposes of preliminary review Plaintiff appears to have suffered from a serious medical need.

To constitute deliberate indifference to such a need, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and

must actually "draw the inference." *Farmer,* 511 U.S. at 837. A plaintiff inmate need not prove that a defendant *intended* the harm that ultimately transpired or *believed* the harm would occur. *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002) (discussing *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996)). The Seventh Circuit's decisions reveal that a defendant's actual knowledge of, *or reckless disregard for*, a substantial risk of harm satisfies the standard for deliberate indifference in the denial or delay of medical care. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 930 (7th Cir. 2004); *Cavalieri v. Shepard*, 321 F.3d 616, 621 (7th Cir. 2003); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Clearly, a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering"). Furthermore, a plaintiff's mere disagreement with a physician's chosen course of medical treatment does not amount to deliberate indifference under the Eighth Amendment. *See Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (courts will not takes sides in disagreements about medical personnel's judgments or techniques); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, a difference of opinion between medical professionals concerning the treatment of an inmate will not support a

claim for deliberate indifference. *Norfleet v. Webster*, 439 F.3d 392, 396 (7th Cir. 2006); *Garvin*, 236 F.3d at 898.

Here, Plaintiff alleges he made Defendant Powers aware of his ongoing serious pain from the infection, yet Defendant Powers never gave him anything to relieve the pain over an approximate seven-month period. This refusal to take measures to alleviate Plaintiff's pain states a claim for deliberate indifference sufficient to survive preliminary review. As to Defendant Powers' refusal to provide antibiotics, at this stage is it impossible to determine whether that decision was based on sound medical judgment or, at the other extreme, amounted to a denial of treatment constituting deliberate indifference. It is possible that the refusal to give antibiotics was merely malpractice, or a choice of treatment with which Plaintiff disagreed, neither of which states a claim of constitutional dimension. But it would be premature to dismiss Plaintiff's claim against Defendant Powers at this time.

In connection with the claim against Defendant Powers, Plaintiff asserts that Defendant Wexford Medical Services ("Wexford") "maintains policies that sanction the maintenance of prison conditions that infringe upon the rights of prisoners, and its management has demonstrated deliberate indifference or reckless disregard to its staff's violations of its written policies and procedures" (Doc. 25, p. 13). Plaintiff does not explain what policies he refers to, or how any of Wexford's policies have caused his constitutional rights to be violated.

Defendant Wexford is a corporation that employs Defendants Powers and Caliper and provides medical care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th

Cir. 2004). *See also Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action).

Plaintiff makes no allegation that any individual Defendant acted or failed to act as a result of an official policy espoused by Defendant Wexford. Instead, he seems to be saying that the medical Defendants violated Wexford's policies and procedures, and Wexford failed to take any action in response to those policy violations. This is not enough to state a constitutional claim against Defendant Wexford. Accordingly, Plaintiff's claim against Defendant Wexford shall be dismissed with prejudice.

- **Count 2 - Deprivation of Adequate Clothing and Linens**[4]

Plaintiff alleges that Defendant Held deprived him of clothing adequate for the seasons for two substantial periods of time (August 2007 to January 2009 and December 2010 through March 15, 2011), which he claims caused a foot condition (he does not specify which one). He also claims Defendant Held deprived him of adequate linens (Doc. 25, p. 4 n.1; p. 12). The Seventh Circuit has explained:

> Prison officials have a duty, in light of the Eighth Amendment's prohibition against cruel and unusual punishment, to "ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994). To determine whether an inmate's Eighth Amendment rights were violated by a deprivation, we examine the alleged violation both objectively and subjectively. *See id.* at 834, 114 S. Ct. 1970. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (quotation omitted). Second, the mental state of the prison official must have been "one of deliberate indifference to inmate health or safety." *Id.* (quotation omitted).

---

[4] Plaintiff's Second Amended Complaint outlines this claim in Count II (Doc. 25, p. 12) and Count I (Doc. 25, p. 4).

*Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). As to the objective component of the claim, the condition described must result in unquestioned and serious deprivations of basic human needs or deprive the inmate of the minimal civilized measure of life's necessities. *Rhodes*, 452 U.S. at 347. *Accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

While a detailed recitation of the facts giving rise to a complaint is not required, Plaintiff here states only a bare legal conclusion that he was unconstitutionally deprived of adequate clothing and linens. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) ("abstract recitations of the elements of a cause of action or conclusory legal statements" are not adequate to state a claim). He mentions, without any explanation, that his foot condition was caused or aggravated by the lack of proper clothing. He does not provide enough information for the Court to infer, for example, that he was subjected to extreme temperatures for an inordinate length of time, with inadequate clothing to protect him. *See, e.g., Mays v. Springborn,* 575 F.3d 643, 648-49 (7th Cir. 2009) (prisoner who had hurt ears, numb hands, feelings of frostbite, and caught colds, because he was never issued adequate winter clothing showed only that he was subject to the "usual discomforts of winter," not the objectively serious harm required to state an Eighth Amendment claim).

Although Plaintiff alleges that, starting in July 2007, he went for seventeen months without a clothing or linen exchange, he fails to connect this allegation with any serious physical harm or substantial threat to his health or safety. The meager information in the complaint suggests

no more than temporary and minor discomfort or inconvenience, which cannot support a constitutional claim. *See Caldwell v. Miller*, 790 F.2d 589, 601 (7th Cir. 1986). *See also Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (occasional discomfort is "part of the penalty that criminal offenders pay for their offenses against society").

For these reasons, Plaintiff has failed to state a constitutional claim upon which relief may be granted for the alleged deprivations of clothing and linens by Defendant Held. Therefore, this portion of the claim shall be dismissed without prejudice.

- **Count 3 - Retaliation**[5]

Plaintiff alleges that the actions taken by Defendants Powers and Held, discussed in Counts 1 and 2 above, were taken in response to Plaintiff's practice of his Jewish religious beliefs (Doc. 25, pp. 4-5). Plaintiff converted to Judaism on June 5, 2007 (Doc. 25, p. 3). With the exception of Defendant Powers' refusal to give Plaintiff pain medication on June 1, 2007, all of the alleged retaliatory actions took place after Plaintiff's declaration of his Jewish affiliation.

In addition, Plaintiff asserts that, in retaliation for Plaintiff's filing of grievances complaining about his medical care, Defendant Caliper (the health care administrator) allowed another doctor to prescribe medication for Plaintiff, knowing him to be allergic to the prescribed drug.

A. **Retaliation For Religious Beliefs**

Prisoners have the right to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972); *Hunafa v. Murphy,* 907 F.2d 46, 47 (7th Cir. 1990); *Al-Alamin v. Gramley,* 926 F.2d 680, 686 and

---

[5] Plaintiff's Second Amended Complaint designates this claim as Count I.

nn.3-5 (7th Cir. 1991) (collecting cases). Furthermore, "an act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987); *see also Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009); *Roddy v. McBride*, 59 F.3d 173 (7th Cir. 1995) (Table) (retaliation on account of prisoner's religious opinions states a claim under § 1983).

As noted in Count 1, although Defendant Powers' refusal to give Plaintiff antibiotics or pain medication has survived preliminary review, it may ultimately be determined that his actions did not violate Plaintiff's Eighth Amendment rights. In Count 2 above, Plaintiff's complaint fails to state a claim against Defendant Held for refusing to provide clothing and linens. However, in addition to Plaintiff's claim that these actions violated the Eighth Amendment, Plaintiff has alleged that Defendant Powers' and Defendant Held's conduct was in response to his conversion to Judaism.

Even if these actions may not themselves have amounted to cruel and unusual punishment, if they were taken in retaliation for his protected religious beliefs, they are actionable under § 1983. At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Therefore, dismissal of Plaintiff's retaliation claims against Defendants Powers and Held would be inappropriate at this stage.

      **B.**      **Retaliation For Filing Grievances**

Plaintiff alleges that he filed several grievances between November 2007 and

November 2008 concerning his medical care (Doc. 25, p. 4). He alleges that on or about April 19, 2008, Defendant Caliper allowed a visiting IDOC doctor (Dr. Shah) to prescribe him a ten-day course of Keflex, an antibiotic. Plaintiff maintains that his medical records showed he was allergic to this medication, and he contends that Defendant Caliper's approval of the prescription was in retaliation for Plaintiff filing the medical grievances.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Defendant Caliper's actions, absent any retaliatory motive, appear to constitute ordinary malpractice and thus would not support a constitutional claim. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001). However, if Plaintiff can establish, as he alleges, that Caliper purposely acted in retaliation for Plaintiff's complaints about his medical care, a violation of constitutional rights may be established. Therefore, the retaliation claim against Defendant Caliper merits further consideration and is not subject to threshold dismissal.

Plaintiff also claims that the wardens, Defendants Bartley and Johnson, "interfered, directed, and/or consented to Defendant Caliper's, Held's, and Powers' actions or was fully aware of their actions and acted with deliberate and reckless indifference toward them" (Doc. 25, p. 6).

Because the doctrine of *respondeat superior* does not apply to § 1983 actions, in order to be liable, a defendant must be alleged to be personally responsible for the constitutional violation. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)).

Where a defendant has been alleged to have directed the conduct or to have given knowledge or consent to the conduct which caused the constitutional violation, that defendant has sufficient personal involvement to be responsible for the violation, even though that defendant has not participated directly in the violation. *Chavez*, 251 F.3d at 652; *McPhaul v. Bd. of Comm'rs of Madison Cnty.*, 226 F.3d 558, 566 (7th Cir. 2000). A defendant in a supervisory capacity may then be liable for "deliberate, reckless indifference" where he or she has purposefully ignored the misconduct of his/her subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (discussing *Chavez*, 251 F.3d at 651 ("The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.")).

Plaintiff has alleged that Defendants Bartley and Johnson were aware of the unconstitutional retaliation by Defendants Powers, Held, and Caliper, and directed or consented to that conduct. Thus, at the pleadings stage, Plaintiff has stated a retaliation claim against Defendants Bartley and Johnson that is not subject to dismissal.

### Count 4 - Equal Protection[6]

Plaintiff claims that the actions described in the above counts by Defendants Johnson, Bartley, Powers, Caliper, and Held "were not taken against similarly situated individuals" (Doc. 25,

---

[6] Plaintiff's Second Amended Complaint designates this claim as Count III.

p. 16). He adds that Defendants Johnson and Bartley's failure to adhere to the inmate grievance procedures violated his rights to equal protection.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action. A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation. Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences. It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango*, 681 F.2d at 1104). Furthermore, "isolated events that adversely affect individuals are not presumed to be a violation of the equal protection clause." *Gamza v. Aguirre*, 619 F.2d 449, 453 (5th Cir. 1980).

Nowhere does the complaint identify any particular group or class of which Plaintiff is a member that was the target of the alleged unequal treatment. He merely states that he, as an individual, was treated differently from "other similarly situated inmates" (Doc. 25, p. 16). Plaintiff therefore fails to state an equal protection claim.

If the Court were to infer that Plaintiff meant to indicate that he is being discriminated against because of his Jewish faith, such a claim would be redundant, as it would be based on the same set of facts already addressed in Count 3 above, which shall receive further consideration. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth

Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 Fed. Appx. 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims).

Finally, Plaintiff's allegation that Defendants Johnson and Bartley failed to adhere to the grievance procedures also fails to state a claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango*, 681 F.2d at 1100-01. Accordingly, the equal protection and grievance-related claims against Defendants Johnson, Bartley, Powers, Caliper, and Held, shall be dismissed with prejudice.

**Count 5 - Failure to Supervise, Train, or Control**[7]

Plaintiff alleges that Defendants Johnson and Bartley should be held responsible for all the alleged unconstitutional acts of Defendants Powers, Caliper, and Held, because they failed or refused to properly supervise, train, control, or stop the unlawful actions of the latter Defendants and because Defendants Johnson and Bartley directed or consented to their subordinates' actions. Plaintiff also seeks to hold Defendant Wexford liable for the actions of Defendants Powers and Held.

As noted above in Count 3, Plaintiff has at this stage stated a claim against Defendants Johnson and Bartley for retaliation, based on some of the same facts relied upon in this

---

[7]   Plaintiff's Second Amended Complaint designates this claim as Count IV.

count. Therefore, there is no need for an additional count to proceed under a different label. The claims in Count 2 and Count 4 shall be dismissed, thus no additional claim against the supervisors can be premised on those counts. As to the claims in Count 1, although they shall proceed for further consideration, those claims involve only Defendant Powers, a medical provider. Whether or not his decisions regarding Plaintiff's medical care amount to deliberate indifference, such medical decisions would have been solely Defendant Powers' and not subject to the supervisory authority of non-medical personnel such as the wardens (Defendants Johnson and Bartley). Therefore, Plaintiff cannot maintain additional claims against Defendants Johnson and Bartley for failure to supervise, train or control, and this portion of the claim shall be dismissed with prejudice.

Plaintiff's claim here against Defendant Wexford adds nothing new to the claim he sought to assert against Defendant Wexford in Count 1 above. Accordingly, the claim for failure to supervise, train or control shall be dismissed with prejudice against Defendant Wexford as well.

### Disposition

**COUNTS 2, 4,** and **5** fail to state a claim upon which relief may be granted, and thus are **DISMISSED.** The dismissal of **COUNT 2** shall be **without prejudice**. The dismissal of **COUNTS 4** and **5** shall be **with prejudice**. Defendant **WEXFORD HEALTH SOURCES, INC.** is **DISMISSED** from this action with prejudice. **COUNTS 1** and **3** shall receive further consideration.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **BARTLEY, CALIPER, HELD, JOHNSON** and **POWERS** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 25), and

this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information will not be maintained in the Court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings. This entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule

72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral*. The Notice and Consent to Proceed Before a Magistrate Judge form was previously mailed to Plaintiff. If needed, Plaintiff may request another copy from the Clerk of Court.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED November 4, 2011.

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge