IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11−cv−0131−MJR−SCW ) |
| YOLANDE JOHNSON, KENNETH BARTLEY, MARVIN POWERS, TERRY CALIPER, & JESSE HELD, | ) ) ) ) |
| Defendants. | ) ) |

# REPORT & RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Now before the Court are three related motions: **(1)** Defendant Marvin Powers' Motion to Dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Doc. 41); **(2)** Plaintiff Maurice Wallace's Motion for Leave to File a Third Amended Complaint (Doc. 43), and **(3)** Wallace's subsequent "Motion to Replace" (Doc. 48).

This Report and Recommendation is respectfully submitted to United States District Court Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C). For the following reasons, the undersigned judge Recommends that Powers' Motion to Dismiss (Doc. 41) be GRANTED, that Wallace's Motion for Leave to File (Doc. 43) be found MOOT, and that Wallace's "Motion to Replace" (Doc. 48) be DENIED.

BACKGROUND

Pursuant to 42 U.S.C. § 1983, Maurice Wallace filed suit against nine defendants on February 15, 2011. Wallace amended his complaint twice, and after Judge Reagan's threshold order

1

pursuant to 28 U.S.C. § 1915A, five defendants remain in the case. (Doc. 29). The following claims survived threshold:

**Count 1** – That, from June 2007 and for approximately seven months, Powers (a doctor at Illinois' Tamms Correctional Center) was deliberately indifferent to Wallace's painfully infected foot ulcer, infected toenail, dermatitis, athlete's foot, hypertrophied toe, and ingrown toenail, all in violation of the *Eighth Amendment*.

**Count 3** – That, in violation of the *First Amendment*,
  **(a)** in retaliation to Wallace's practice of Satmar Hasidic Judaism:
    (i) Defendant Powers retaliated against Wallace via the aforementioned deliberate indifference, and
    (ii) Defendant Held (formerly Tamms' clothing room supervisor) retaliated against Wallace by refusing him adequate linens and clothing from August 2007 through January 2009, and again from December 2010 to March 2011, and falsified the records of Wallace's clothing requests; and
  **(b)** in retaliation for Wallace filing administrative grievances, Defendant Caliper approved an antibiotic prescription for Wallace despite knowing him to be allergic to the medication; and
  **(c)** Defendants Bartley and Johnson (both former Tamms wardens) directed and consented to the actions perpetrated by Powers, Held, and Caliper.

At the heart of the motions before the Court lies Defendant Powers' position that the doctrine of *res judicata* (or claim preclusion) bars Wallace's instant suit against him. Powers argues that Wallace is simply re-litigating a case that has already been decided.

That case (*Wallace v. Powers*, No. 09-cv-0224-DRH) was filed in this district in 2009. As is pertinent here, Wallace's 2009 complaint (which also named nineteen other defendants) alleged that Powers was deliberately indifferent to Wallace's open foot sore, which was in turn caused by an infected ingrown toenail. **Wallace v. Powers, No. 09-cv-0224, 2009 WL 4015558, at \*1–2 (S.D.**

**Ill. Nov. 19, 2009); No. 09-cv-224, Doc. 18, 5–9, 17–18.** Wallace did not, in his 2009 case, allege that Powers violated the *First Amendment* by retaliating against Wallace for his religious practices. On November 19, 2009, Chief Judge Herndon dismissed Wallace's claims against Powers *with* prejudice. **Wallace v. Powers, No. 09-cv-0224, 2009 WL 4015558, at \*5 (S.D. Ill. Nov. 19, 2009); No. 09-cv-224, Doc. 19, 9.**

The undersigned has thoroughly reviewed the entire record, and RECOMMENDS as follows.

### I. Motion to Dismiss

Though Powers filed his motion to dismiss pursuant to Federal Rule 12(b)(6), claim preclusion is an affirmative defense and therefore properly addressed via a Rule 12(c) motion for judgment on the pleadings. **Carr v. Tillery, 591 F.3d 909, 913 (7th Cir. 2010).** Wallace does not point out the procedural deficiency, nor would it matter: the standards for 12(b)(6) motions and 12(c) motions are identical. **Hayes v. City of Chicago, 670 F.3d 810, 813 (7th Cir. 2012).** Courts must determine whether the factual allegations in a complaint plausibly suggest an entitlement to relief. **Munson v. Gaetz, 673 F.3d 630, 633 (7th Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).** Dismissal is warranted "only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." **Hayes, 670 F.3d at 813 (quoting Thomas v. Guardsmark, Inc., 381 F.3d 701, 704 (7th Cir. 2004)).**

The doctrine of claim preclusion[1] prohibits parties from re-litigating that were or could have been raised in a previous action in which there was a final judgment on the merits. **Johnson v. Cypress Hill, 641 F.3d 867, 874 (7th Cir. 2011).** The doctrine embodies the principle that claims based on the same, or nearly the same, factual allegations must be joined; a prior

---

[1] The terms "claim preclusion" and "*res judicata*" are often used interchangeably, but they are not perfectly congruent. **See Hayes, 670 F.3d at 814 n.1.** *Res judicata* can refer generally "to both claim and issue preclusion [a/k/a collateral estoppel], or it can be used in a specific sense to mean only claim preclusion." **Id.** Powers' argument deals only with claim preclusion, not the narrower doctrine of issue preclusion.

3

judgment can foreclose litigation of a matter that has not been litigated because of a determination that it should have been advanced in an earlier suit. ***Id.* (internal citations and quotation marks omitted).** Under federal law, the three requirements of claim preclusion are: **(1)** an identity of the parties or their privies; **(2)** an identity of the causes of action; **(3)** a final judgment on the merits. ***Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006)**.

Here, the first requirement is satisfied easily: in both actions, Wallace is the plaintiff and Powers the defendant. Likewise, the third requirement has been triggered: Chief Judge Herndon dismissed Wallace's 2009 case against Powers *with* prejudice (Case No. 09-cv-0224, Doc. 19), judgment was entered (Case No. 09-cv-0224, Doc. 20), and the Court of Appeals dismissed Wallace's appeal (Case No. 09-cv-0224, Doc. 41).

So Powers' motion hinges on whether Wallace's instant cause of action is the same, for claim preclusion purposes, as his 2009 case against Powers. It is. When a final judgment is entered on the merits of a case, it is a "finality as to the claim or demand in controversy . . . not only as to every matter which was offered and received to sustain or defeat the claim . . . but as to any other admissible matter which might have been offered for that purpose." ***Highway J*, 456 F.3d at 741 (quoting *Nevada v. United States*, 463 U.S. 110, 129–30 (1983) (internal quotation marks omitted)).** Wallace's instant suit alleges that Powers acted with deliberate indifference to his foot problems. So did his 2009 case. And while the 2009 case did not address Powers' motivation for deliberate indifference (in the instant case Wallace claims his religious faith prompted Powers' deliberate indifference), there is an identity between the two claims. The underlying factual basis of both cases took place at the same time, in the same prison, and revolves around Powers actions and motivation. ***See Highway J*, 456 F.3d at 744 (identity of claims where the actions emerge from the same core of operative facts); *Hayes*, 670 F.3d at 814 (identity of claims where underlying transactions of both actions was related in time, space, origin, motivation, and**

**the underlying interaction between plaintiff and defendants was the same).** That Wallace now puts a First Amendment gloss on Powers' alleged deliberate indifference does not create a new claim. To the contrary, Powers' motivations, had Wallace proven him in the 2009 case, would presumably be his motivations now. *See Highway J.*, **456 F.3d at 743 (identity of claim even though plaintiff did not pursue precise legal theories earlier addressed).** In short, Wallace cannot prove any facts that would support his claim for relief because that claim is barred by claim preclusion. Defendant Powers' Motion to Dismiss (Doc. 41) should be **GRANTED**.

## II. Wallace's Motions to Amend his Complaint

In response to Powers' motion to dismiss, Wallace (at Doc. 43) moved for leave to amend his complaint so as to drop Powers from the case. But he changed his mind, moving a week later to update his proposed Third Amended Complaint and (again) include Powers. The latter motion means that the Court has no controversy to rule upon as to the former motion, so Wallace's Motion for Leave to File (Doc. 43) is **MOOT**.

That leaves Wallace's motion at Docket Number 48, in which he asks for leave to amend his complaint and include Dr. Powers. Wallace's proposed amended complaint alters the timeline slightly: rather than complain that Powers was deliberately indifferent in 2007, he now alleges the deliberate indifference continued from 2008 to 2011. Though courts are to give such leave freely when justice so requires, *see* FED. R. CIV. P. **15(a)(2)**, it is not to be automatically granted. *Johnson v. Cypress Hill*, **641 F.3d 867, 871 (7th Cir. 2011) (citing *Johnson v. Methodist Med. Ctr.*, 10 F.3d 1300, 1303 (7th Cir. 1993)).** Among the factors courts consider when deciding whether to grant leave to amend are there is undue delay, dilatory motive, and whether an amendment would be futile. *Id. Accord Foman v. Davis*, **371 U.S. 178, 182 (1962).** It would be futile for Wallace to file an amended complaint that includes Dr. Powers' alleged indifference to Wallace's pre-2008 foot problems, since as discussed above any such claims would be

5

barred by claim preclusion. Wallace's proposed amended complaint also includes resurrected claims that his foot problems have sparked widespread kidney, lung, heart, and testicular pains — claims that Chief Judge Herndon ruled dismissed with prejudice. Wallace has waited too long to tweak the factual basis for relief so that the complained-of behavior looks less like his 2009 case. Given the extensive history of Wallace's claims against Powers and the timing of the proposed amendment (shortly after Powers' Motion to Dismiss was filed),[2] the proposed amended complaint appears to be a dilatory attempt to run an end-around past the doctrine of claim preclusion.

Wallace's Motion for Leave to Amend (Doc. 48) should be **DENIED**. Insofar as it does not include claims against Powers, Wallace's Second Amended Complaint (Doc. 20) is still the active complaint in this case.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Defendant Powers' Motion to Dismiss (**Doc. 41**) be **GRANTED**, that Plaintiff Wallace's Motion for Leave to File (**Doc. 43**) be found **MOOT**, and that Wallace's "Motion to Replace" (**Doc. 48**) (which the undersigned construes as a Motion for Leave to Amend the Complaint) be **DENIED**.[3]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation within **fourteen (14) days** of being served with a copy. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. ***See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, <u>**objections to this Report and Recommendation must be filed on or before May 21, 2012**</u>**.**

---

[2] The Court notes that Wallace's proposed Third Amended Complaint also shifted his theory of the case to a time that was not time-barred by the statute of limitations, an argument (though not necessary to analyze here) also raised in Powers' motion to dismiss.

[3] Several pending motions will likely be rendered moot by Powers' dismissal from the case.

If the District Court adopts this Report and Recommendation, the following claims (as labeled in the threshold order) and defendants will remain:

**Count 3** – That, in violation of the *First Amendment*,

**(a)** in retaliation to Wallace's practice of Satmar Hasidic Judaism: in retaliation to Wallace's practice of Satmar Hasidic Judaism, Defendant Held (formerly Tamms' clothing room supervisor) retaliated against Wallace by refusing him adequate linens and clothing from August 2007 through January 2009, and again from December 2010 to March 2011, and falsified the records of Wallace's clothing requests; and

**(b)** in retaliation for Wallace filing administrative grievances, Defendant Caliper approved an antibiotic prescription for Wallace despite knowing him to be allergic to the medication; and

**(c)** Defendants Bartley and Johnson (both former Tamms wardens) directed and consented to the actions perpetrated by Held and Caliper.

**IT IS SO ORDERED.**
**DATED: May 2, 2012**              **/s/ *Stephen C. Williams***
                                     **STEPHEN C. WILLIAMS**
                                     United States Magistrate Judge

7