IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0131-MJR-SCW |
| | ) |
| YOLANDE JOHNSON, | ) |
| KENNETH BARTLEY, | ) |
| MARVIN POWERS, | ) |
| TERRY CALIPER, and | ) |
| JESSE HELD, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff Maurice Wallace is an inmate in the custody of the Illinois Department of Corrections, housed at Tamms Correctional Center. Pursuant to 42 U.S.C. § 1983, Wallace has filed suit against prison officials and medical personnel for violating his constitutional rights. At this time, Plaintiff's Second Amended Complaint (Doc. 25) controls. Citing Federal Rule of Civil Procedure 12(b)(6), Defendant Marvin Powers moves to dismiss the claims lodged against him, arguing that Wallace has failed to state a claim upon which relief can be granted (Doc. 41).

The following claims remain:

Count 1: That, from June 2007 and for approximately seven months, Powers (a doctor at Illinois' Tamms Correctional Center) was deliberately indifferent to Wallace's painfully infected foot ulcer, infected toenail, dermatitis, athlete's foot, hypertrophied toe, and ingrown toenail, all in violation of the *Eighth Amendment*.

>   Count 3: That, in violation of the *First Amendment*,
>   (a) in retaliation to Wallace's practice of Satmar Hasidic Judaism:
>       (i) Defendant Powers retaliated against Wallace via the aforementioned deliberate indifference, and
>       (ii) Defendant Held (formerly Tamms' clothing room supervisor) retaliated against Wallace by refusing him adequate linens and clothing from August 2007 through January 2009, and again from December 2010 to March 2011, and falsified the records of Wallace's clothing requests; and
>   (b) in retaliation for Wallace filing administrative grievances, Defendant Caliper approved an antibiotic prescription for Wallace despite knowing him to be allergic to the medication; and
>   (c) Defendants Bartley and Johnson (both former Tamms wardens) directed and consented to the actions perpetrated by Powers, Held, and Caliper.

Powers contends that the claims asserted against him were decided in *Wallace v. Powers*, No. 09-cv-0224-DRH (Doc. 19), 2009 WL 4015558 (S.D. Ill. Nov. 19, 2009), and are thus barred by the doctrine of *res judicata* (claim preclusion).

Defendant Powers' motion to dismiss was referred to United States Magistrate Judge Stephen C. Williams. Before the Court is Judge Williams' report (Doc. 83) recommending that: (1) Defendant Powers' motion to dismiss (Doc. 41) be granted; (2) Plaintiff Maurice Wallace's motion for leave to amend the complaint to omit all claims against Defendant Powers (Doc. 43) be deemed moot; and (3) Plaintiff's motion to amend the complaint to again include claims against Defendant Powers (Doc. 48) be denied. Plaintiff Wallace has objected to Judge Williams' recommendation "in its entirety" (Doc. 85). Wallace also moves to amend his complaint (Docs. 43 and 48), conceding that the current claims are barred by *res judicata*, but asserting that the proposed new claims in his "Revised Third Amended Complaint" fall outside of the time

period addressed in *Wallace v. Powers*, No. 09-cv-0224-DRH (Doc. 85, pp. 3-7). Defendant Powers has not filed an objection to Judge Williams' report and recommendation, nor has Powers filed a reply to Wallace's objection.

Because Wallace filed a timely objection to Judge Williams' report and recommendation, the Court will undertake *de novo* review of the portions of the Report to which specific objection was made. 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the recommended decision, or recommit the matter to the Magistrate Judge with instructions. Fed.R.Civ.P. 72(b); Local Rule 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).

    I.    <u>Powers' Motion to Dismiss</u>

Defendant Powers moves to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff Wallace fails to state a claim upon which relief could be granted because the doctrine of *res judicata* bars his claims. Powers cites *Wallace v. Powers*, No. 09-cv-0224-DRH (S.D. Ill. Nov. 19, 2009), in which Chief Judge Herndon dismissed, with prejudice, claims that Powers had been deliberately indifferent to Wallace's painful ingrown toenail and infected toe, and the subsequent spread of the infection to Wallace's kidneys, heart valves and urinary tract (for which Kelfex was prescribed, a medication to which Wallace is allergic). The events addressed in *Wallace v. Powers*, No. 09-cv-0224-DRH, occurred at Tamms from December 2006 through March 2009.[1]

---

[1] The Court offers only a general time period, drawn from dates of treatment discussed in Chief Judge Herndon's order dismissing Wallace's claims against Powers. Specific dates

Judge Williams correctly observes that claim preclusion is an affirmative defense properly addressed via a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Carr v. Tillery*, 591 F.3d 909, 913 (7th Cir. 2010). Noting that the legal standards for Rule 12(b)(6) motions and Rule 12(c) motions are virtually identical, Judge Williams proceeded to analyze Defendant Powers' *res judicata* argument, concluding that Wallace's present case and the 2009 case share an identity of parties, an identity of cause of action, and that the 2009 case is a judgment on the merits of those claims—meaning that the *res judicata* doctrine bars the current claims against Powers.

Although Rule 12(c) is the proper procedural mechanism for raising the *res judicata* defense, a Rule 12(c) motion for judgment is not proper until the pleadings are closed. Neither Powers nor any other defendant filed an answer or other responsive pleading[2] before Powers' motion was filed; therefore, the motion was premature. However, before Judge Williams' report was filed, all defendants answered the Second Amended Complaint, thereby closing the pleadings.

In *Carr v. Tillery*, 591 F.3d at 913, cited by Judge Williams, the Court of Appeals for the Seventh Circuit overlooked the district judge's error in prematurely considering the *res judicata* affirmative defense because the district judge had before him all that was needed to rule on the defense, and the plaintiff had not objected to the error.

---

and the end date for purposes of the *res judicata* doctrine do not need to be addressed at this time.
[2] A Rule 12(b)(6) motion is not a responsive pleading. *See Carr*, 591 F.3d at 913; *see also Alioto v. Town of Lisbon*, 651 F.3d 715, 721-722 (7th Cir. 2011).

Plaintiff Wallace did not object to the procedural basis of Judge Williams' analysis[3]; he conceded the motion (Doc. 43 ¶ 2). Also, the Court may take judicial notice of the decision in *Wallace v. Powers*, No. 09-cv-0224-DRH. In the interest of judicial economy, the Court will therefore adopt Judge Williams' analysis and conclusion regarding *res judicata*, and grant Defendant Powers' motion to dismiss (Doc. 41). Consequently, the only claims remaining in the Second Amended Complaint are: Count 3(a)(ii) against Defendant Held regarding the provision of linens and clothing; Count 3(b) against Defendant Caliper regarding approval of an antibiotic prescription; and Count 3(c) against Defendants Bartley and Johnson regarding their directing and consenting to the actions of Held and Caliper.[4]

## II. Motions to Amend the Complaint

After Defendant Powers filed his motion to dismiss (Doc. 41), Plaintiff Wallace moved to amend his complaint to omit all claims against Defendant Powers, conceding that the claims in the Second Amended Complaint were barred by the *res judicata* doctrine (Doc. 43). A week later, Plaintiff filed another motion to amend his complaint in order to "update" the claims regarding Defendant Powers (Doc. 48). Judge Williams considers the first motion to amend (Doc. 41) moot, and he recommends denying the second motion (Doc. 48). Because the claims against Powers are barred by the *res judicata* doctrine, Judge Williams viewed further amendment as futile. Furthermore, Judge Williams concluded that Wallace waited too long to tweak the

---

[3] Rather than file a response to the motion, Plaintiff moved to amend the complaint to omit all claims against Powers (Doc. 43). Wallace only later moved to amend the complaint to add new claims against Powers (Doc. 48).

[4] Because the claims against Powers are *res judicata*, the claim that Bartley and Johnson directed and consented to Powers' action necessarily fails.

complaint to look less like the 2009 case, and Wallace was merely making a dilatory attempt to skirt claim preclusion.

Plaintiff Wallace's first motion to amend his complaint (Doc. 43) is clearly moot, so the Court adopts Judge Williams' analysis and recommendation in its entirety regarding that particular motion.

As a preliminary matter, it must be noted that Plaintiff Wallace's second motion to amend (Doc. 48) does not "update" his previous claims against Powers. In order not to fall within the parameters of the 2009 case, and to avoid being deemed *res judicata*, Wallace must assert distinctly different causes of action, at least in terms of time. *See Highway J Citizens Group v. U.S. Department of Transportation*, 456 F.3d 734, 741 (7th Cir. 2006) (claim preclusion requies: (1) identity of the parties; (2) identity of the cause of action); and (3) a final judgment on the merits).

A review of Wallace's second motion to amend and proposed (revised) Third Amended Complaint asserting claims against Powers reveals that the claims regarding the medical care afforded by Powers pertain to the time period between June 25, 2009, and October 30, 2009—beyond the time period addressed in *Wallace v. Powers*, No. 09-cv-0224-DRH. Thus, Plaintiff is not attempting to update his old (now dismissed) claims; rather, he is proposing distinctly new claims. Therefore, it is not clear that permitting the amendment would be futile, although the Court offers no opinion as to the merits of the claims themselves or a future Rule 12(c) motion based on claim preclusion.

Plaintiff has already amended his complaint twice, and the proposed

(revised) Third Amended Complaint falls outside the time frame prescribed under Federal Rule of Civil Procedure 15(a)(1) wherein a plaintiff may amend the complaint as a matter of course. *See also Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011). However, Rule 15(a)(2) advises: "The court should freely give leave [to amend] when justice so requires." Although Wallace certainly could have, and should have, asserted the more recent claims against Defendant Powers, because trial is not set to commence until October 7, 2013, timing is not dispositive. Nevertheless, there is a more compelling reason for not permitting amendment to add new claims against Powers.

In the context of lawsuits brought by prisoners against governmental actors, under Rule 18 of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits[.]" *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Otherwise, prisoners easily could sidestep the requirements of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110 Stat. 1321 (1996) (codified in various sections of 28 and 42 U.S.C.), in particular the PLRA's provisions regarding filing fees and its limitations on the ability of vexatious prisoner litigants to proceed in forma pauperis in federal court. *See id.* Rule 18 provides, in relevant part, that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). Under Rule 18, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607. Moreover, Rule 20 of the Federal Rules of Civil Procedure applies with as much force to cases brought by prisoners as it does to any other kind of case. *See id.* Under Rule 20, persons may be joined in one action as defendants if: "(A) any right to

relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a)(2).  Both of the requirements of Rule 20(a) must be satisfied in order to sustain party joinder under the rule. *See Intercon Reasearch Assocs., Ltd. v. Dresser Indus.,* 696 F.2d 53, 57 (7th Cir. 1982).  Accordingly, "[a] buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." *George,* 507 F.3d at 607.

The Court has broad discretion to determine when joinder is appropriate. *See Thompson v. Boggs,* 33 F.3d 847, 858 (7th Cir. 1994).  A district court's discretion as to joinder allows it "to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'"  *Chavez v. Illinois State Police,* 251 F.3d 612, 632 (7th Cir. 2001) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.,* 623 F.2d 1371, 1375 (9th Cir. 1980)).  *See also* 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1653 (3d ed. 1998 & Supp.2011) (the discretion district courts have as to joinder "promote[s] judicial economy by permitting all reasonably related claims for relief by or against different parties to be tried in a single proceeding under the provisions of Rule 20") (collecting cases).

A review of both the Second Amended Complaint and the proposed (revised) Third Amended Complaint confirms that the new claims against Dr. Powers are

8

unrelated to the other claims against Defendants Johnson, Bartley, Caliper and Held. Held's failure to provide Wallace with proper seasonal clothing and linens between July 2007 and January 2009 shares no common questions of law or fact and is unrelated in time to the proposed claims against Powers regarding medical care between June and October 2009. Similarly, Caliper's approval of Dr. Shah prescribing Keflex in 2008, and Bartley and Johnson's alleged approval of Held and Caliper's actions are unrelated to the proposed claims against Dr. Powers. Consequently, in accord with *George*, allowing Plaintiff Wallace to amend the complaint to add these claims would be inappropriate.

Therefore, the undersigned district judge rejects Judge Williams' rationale for denying Plaintiff Wallace's second motion for leave to amend (Doc. 48), but based on the dictates of *George* denies the motion (Doc. 48), without prejudice. Plaintiff may initiate a separate and distinct legal action against Powers, if he so chooses.

### III. Further Severance of Claims

In keeping with the dictates of *George*, the claims remaining in the Second Amended Complaint against Defendants Held, Caliper, Bentley and Johnson are not sufficiently related to be joined in a single complaint. Held's failure to provide Wallace with proper seasonal clothing and linens between July 2007 and January 2009 shares no common questions of law or fact and is unrelated to Caliper's approval of Dr. Shah prescribing Keflex in 2008. Thus, Plaintiff's claim regarding Bartley and Johnson's approval of Held and Caliper's actions should be divided. Although Plaintiff groups these claims together under a sweeping allegation of retaliation in violation of the First Amendment, they lack any factual link. The retaliatory motive is not even the same in each case. Held was allegedly motivated by Plaintiff's practice of Satmar Hasidic

9

Judaism, and Caliper was allegedly motivated by Plaintiff's grievances. No conspiracy or other thread is alleged that would link these otherwise distinct claims.

Therefore, the Court will sever Count 3(a)(ii) against Defendant Held, and Count 3(b) against Defendant Caliper into two separate cases. Count 3(c) will be divided so that each case contains a claim that Defendants Bartley and Johnson directed and consented to the alleged constitutional violations asserted in that particular case.

This case, No. 11-131-MJR-SCW, shall contain the following claims:

Count 1: That, in violation of the *First Amendment*, in retaliation for Wallace's practice of Satmar Hasidic Judaism, Defendant Held (formerly Tamms' clothing room supervisor) retaliated against Wallace by refusing him adequate linens and clothing from August 2007 through January 2009, and again from December 2010 to March 2011, and falsified the records of Wallace's clothing requests; and

Count 2: Defendants Bartley and Johnson (both former Tamms wardens) directed and consented to the actions perpetrated by Held.

The newly severed case shall contain the following claims:

Count 1: That, in violation of the *First Amendment*, in retaliation for Wallace filing administrative grievances, Defendant Caliper approved an antibiotic prescription for Wallace despite knowing him to be allergic to the medication; and

Count 2: Defendants Bartley and Johnson (both former Tamms wardens) directed and consented to the actions perpetrated by Caliper.

III.   Conclusion

For the reasons stated, the Court **ADOPTS in part and REJECTS in part** Magistrate Judge Williams' Report and Recommendation (Doc. 83), **DENIES without prejudice** Defendant Powers' motion to dismiss (Doc. 41); **DENIES as moot**

Plaintiff Wallace's (first) motion to amend (Doc. 43); and **DENIES without prejudice** Plaintiff Wallace's (second) motion to amend (Doc. 48).

The dismissal of Defendant Powers will be reflected in the final judgment in this case, once all claims have been finally resolved. Having dismissed Powers as a defendant, Powers' two motions for HIPAA qualified protective orders (Docs. 45 and 65), motion for clarification (Doc. 63), and motion for summary judgment (Doc. 77) are all **DENIED as moot**. Plaintiff's motion for an extension of time to respond to Powers motion(s) (Doc. 51) is also **DENIED** as moot. Plaintiff's motion to compel and for sanctions and request for counsel to assist in securing admissions from Powers (Doc. 75) is **DENIED** as moot.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** the remaining claims in Plaintiff's Second Amended Complaint (Doc. 25) and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case. Plaintiff is deemed a pauper in the new case, consistent with the order granting pauper status in this case (Doc. 8). The new case shall be referred to Magistrate Judge Stephen C. Williams in accordance with the Court's previous order in this case (Doc. 29).

The Court further **DIRECTS** the Clerk to add to the docket of the newly-opened case a copy of: Plaintiff's Second Amended Complaint (Doc. 25); the IFP application from this case (Doc. 2); the Order granting pauper status and directing monthly payments be made (Doc. 8); the Court's threshold Order referring this case to Magistrate Judge Stephen C. Williams (Doc. 29); the waiver of service forms executed by the Defendants (Docs. 36, 37, 38 and 39); Defendants' Answer (Doc. 46); and a copy of this

order.  The Clerk shall also file in the new case a copy of Plaintiff's pending motion to compel (Doc. 100), and related documents (Docs. 101, 102 and 106).

Defendants' motion for leave to amend their answer (Doc. 54) is **GRANTED**.  On or before **September 21, 2012** (after the deadline for Plaintiff to notify the Court if he elects not to proceed with either this or the new case), Defendants shall file their amended answers as appropriate in this case and the new case.

Defendants have moved for summary judgment (Doc. 87), and several related motions have been filed (Docs. 94, 95 and 97).  In order to minimize further confusion between this case and the newly-severed case, all of those motions (Docs. 87, 94, 95 and 97) are **DENIED without prejudice**. The parties shall reassess and redraft those motions in light of severance.

If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened case, he must notify the Court on or before **September 7, 2012**. Unless Plaintiff notifies the Court that he does not wish to pursue one of these actions, he will be responsible for a separate filing fee in each case.

If Plaintiff elects to proceed with the newly severed case (principally involving Caliper), the Court will assign a trial date and Judge Williams will then issue a scheduling order specific to the new case.

Lastly, the Court **GRANTS** Plaintiff Wallace's two motions for copies of various docket sheets (Docs. 104 and 105).  The Clerk of Court shall mail to Plaintiff Wallace, free of charge, copies of the current docket sheets for the following cases: 09-342-JPG; 09-362-DGW; and 11-131-MJR.  The Court does not normally provide free copies, but will make an exception in this particular situation, in order to assist Plaintiff in

organizing his cases in light of the severance and his impending transfer from Tamms. Plaintiff should not anticipate this exceptional courtesy in the future.

    **IT IS SO ORDERED.**

    DATED:    August 13, 2012

                                       s/ *Michael J. Reagan*
                                       **MICHAEL J. REAGAN**
                                       **UNITED STATES DISTRICT JUDGE**